**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert A. PARKS, Defendant-Appellant.**

**No. 10645.**

Missouri Court of Appeals,
Southern District.

Jan. 17, 1979.

---

2. We are not called upon to determine whether the terms of the agreement could properly be made a part of the decree.

Jerry L. Reynolds, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Daniel F. Lyman, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before FLANIGAN, P. J., TITUS, J., and KENNEDY, MOORE, CAMPBELL and PYLE, Special Judges.

ROBERT LEE CAMPBELL, Special Judge.

Defendant was convicted by a jury for stealing a motor vehicle and sentenced by the court to a term of seven years in the custody of the Missouri Department of Corrections. Defendant appeals. We affirm.

Sometime between 1:00 A.M. and 11:30 A.M. on November 3, 1978, a motor vehicle disappeared from a church parking lot in Springfield, Missouri. On November 4 at about 4:00 A.M., defendant was apprehended while driving the stolen car in Yates Center, Kansas. Defendant gave a written statement to the police. Defendant contended that he obtained the car from a man he met in a bar in Springfield, Missouri. The man supposedly gave defendant $80.00 to drive the car to Minneapolis, Minnesota.

At trial defendant testified in his own defense to substantially the same story contained in the written statement to the police. Towards the end of cross-examination of defendant, the prosecutor picked up the statement and asked defense counsel, "Was that ever introduced? Was that marked? Was that introduced?" Defense counsel then offered the statement in evidence which was refused on the basis of the prosecutor's objection that the statement was "self-serving, hearsay."

On appeal, defendant contends the court erred in failing to permit him to read the written statement to the jury in its entirety to show the jury that defendant's testimony at trial was consistent with his original story to the police at the time of his arrest. The court did permit defense counsel to read any portion upon which defendant had been impeached. *State v. Nelson*, 459 S.W.2d 327 (Mo.1970), cited by appellant, succinctly disposes of appellant's contention at l.c. 332[6] by stating, ". . . the rule is well settled that a defendant in a criminal case may not adduce his own self-serving statements which are not a part of the res gestae."

In numerous sub-points, appellant also contends that defendant's statement should have been admissible in its entirety to cure the implication that the statement contained inconsistent statements created by the prosecutor asking in front of the jury if the statement was ever introduced, to corroborate defendant's trial testimony after he had been impeached by suggestion and implication of recent fabrication and contrivance, to show the context in which defendant's prior statements were made, and because the court's refusal to allow the statement to be read in its entirety implied to the jury that the statement contained inconsistent and adverse statements by defendant.

The rather innocuous statements made by the prosecutor in front of the jury were certainly not at all similar to the conduct condemned in *Dunn v. Terminal Railroad Association of St. Louis*, 285 S.W.2d 701 (Mo.1956), among the cases upon which appellant relies. As stated in *State v. Beishir*, 332 S.W.2d 898, 903[6] (Mo.1960), also cited by appellant, "The trial court has a broad discretion in determining the extent to which additional portions of a statement may be read into evidence to show the context of and circumstances under which the impeaching portion was made for the purpose of minimizing its impeaching force." The trial court was in a better position to determine the prejudicial effect, if any, of the prosecutor's questions. The trial court failed to find any prejudice to defendant. We likewise fail to see any prejudice to defendant. The trial court ruled correctly. We find no error in the court's ruling. Accordingly, the judgment and sentence of the trial court is affirmed.

All of the judges concur.